## Copley v. Sanford, Executor.

The court will judicially notice the fact that, the common law is the basis of the jurisprudence of the State of Mississippi.

The court will not require the provisions of the common law on any subject to be proved as facts by the testimony of witnesses, but will ascertain for itself what that law is, by the examination of commentaries on it.

The vendor's privilege on moveables recognized by the Civil Code of this State, is unknown to the common law.

In the distribution of the assets of a succession among its creditors, one who has absolutely sold and delivered a moveable, is, by the common law, a mere ordinary creditor for the price.

Where a vendor of moveables sold and delivered in another State, would have no privilege under its laws, he can have none in this State.

Where property sold in another State, by whose laws the vendor was entitled to a privilege, has been removed to this, by the laws of which it is considered an immovable, to preserve the privilege, the act of sale must be recorded in the mortgage office.　C. C. 3238.

APPEAL from the Court of Probates of Madison, *Downes*, J. This appeal is taken from a judgment rejecting an opposition to a tableau of distribution presented by the executor of *Mary Chaille*, by which one *Watson* was allowed a privilege as vendor upon the proceeds of the sale of slaves, originally sold by him to the deceased, in Mississippi.

*Shannon* and *Dunlap*, for the appellant.　Watson's act of sale not having been recorded in this State, he can have no privilege.　Civ. Code, arts. 3238, 3239 3240, 3326, 3332, 3335.　12 Mart. 543.　1 Ib. N. S. 384, 296, 222.

*Snyder*, for the appellee *Watson*.　Watson was entitled to a privilege.　C. C. art. 3194.　It may be objected, that the sale took place in the State of Missis-

COPLEY
*v.*
STANFORD.

sippi, and that the laws of Mississippi were not introduced, to show that *Watson* was entitled to his privilege in that State. In the absence of proof to the contrary, the court will presume that the laws of a foreign country are the same as our own, in the construction of contracts. The laws of Louisiana must govern this case; and under those laws the vendor, until his claim is prescribed, has a privilege upon the object sold, in the hands of the vendee or his heirs, and can enforce the same, unless it impair the rights of mortgages fairly acquired.

*Amonett*, on the same side.

The judgment of the court wes pronounced by

SLIDELL, J. *Watson* having been placed on the tableau of distribution of the succession of *Chaille* as a privileged creditor, by reason of his having been the vendor of certain slaves and articles of furniture, *Copley* opposed the allowance of this privilege. The opposition was rejected, and *Copley* appealed. The slaves and moveables were sold, and delivered by *Watson* to the deceased, in Mississippi. It is proved that in Mississippi slaves are considered as moveables. It is a matter pertaining to the history of this Union, and of which the court is bound to take judicial notice, that the common law is the basis of the jurisprudence of the State of Mississippi.

Such also are the relations of this State with the other States of this Union, and such are the daily necessities of the administration of justice, that it would be wrong for us, at this day, to say that this court will not take judicial notice of what the common law is, and that, instead of searching for it ourselves in the commentaries of such authors as Blackstone and Kent, whose works are daily quoted in this tribunal, and the perusal of which the court has made a pre-requisite of admission to the bar, we will only notice it when proved as a fact by the testimony of witnesses.

Taking judicial notice of the common law, and that it forms the basis of the jurisprudence of Mississippi, it is our duty to know that the vendor's privilege upon moveables, as recognized in our Code, is unknown in that system, and that at common law he who absolutely sells and delivers a moveable is, in the distribution of the assets of a succession among creditors, a more ordinary creditor for its price. See *Wiston* v. *Stodder*, 8 Martin, 135. Unless the common law has been modified by statute in Mississippi, which has not been proved nor even suggested, *Watson* would have had no privilege as vendor in Mississippi, and as such can have none here.

We must also remark as to the slaves, that, even if the vendor's privilege existed in Mississippi, it could not have been preserved against Louisiana creditors in this State, without being recorded according to our law. Upon their arrival and the domiciliation of their owner here, our laws operated upon them; they became immovables; and the vendor, to preserve his privilege upon an immovable, must record it. Civil Code, art. 3238.

It is therefore decreed that the judgment of the court below be reversed, so far as it accords to *Watson* the vendor's privilege; that the said *Watson* be ranked as an ordinary creditor; and that this cause be remanded for further proceedings, according to law; the costs of the said opposition and of this appeal to be borne by the succession.